1 | E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
2 | AARON A. BUCKLEY (SBN 202081)
abuckley@paulplevin.com
3 | NANCY GAUSEWITZ BERNER (SBN 227142)
nberner@paulplevin.com
4 | **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
5 | San Diego, California 92101-8285
Telephone: 619-237-5200
6 | Facsimile: 619-615-0700

7 | Attorneys for Defendant
KELLY SERVICES, INC.

8

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

HERNANDO BARBOSA on behalf of Himself and all other similarly situated employees,

        Plaintiff,

        v.

KELLY SERVICES, INC., a California Corporation, LASER DEVICES, INC., a California corporation; and DOES 1 to 100, inclusive,

        Defendant.

Case No.

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that Defendant Kelly Service, Inc. ("Defendant" or "Kelly") hereby removes this action from the Superior Court of California for the County of Monterey, to this Court. The state court action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 (diversity jurisdiction), and is one that may be removed to this Court by Defendant pursuant to the Class Action Fairness Act (28 U.S.C. § 1332(d)(1)).

/ / /

/ / /

**CASE HISTORY**

1.    On August 26, 2015, a class action was filed in the Superior Court of the State of California in and for the County of Monterey, entitled *Barbosa v. Kelly Services, Inc., et al.*, as case number M133109 ("Complaint"). Kelly has not been served with Plaintiff's original Complaint.

2.    On October 15, 2015, Plaintiff filed a First Amended Class Action Complaint. Plaintiff mailed a copy of the First Amended Complaint and Summons to Kelly, and counsel for Kelly signed the Notice of Acknowledgement and Receipt on November 23, 2015 – a date within 30 days of this notice of removal.

3.    Plaintiff purports to bring class claims on behalf of himself and all non-exempt employees who worked for Defendants in California for the past 4 years. *See* Exhibit A, ¶ 3.

4.    The only pleadings or documents in this case are the First Amended Complaint (attached hereto as Exhibit A), summons (attached hereto as Exhibit B), Notice and Acknowledgment of Receipt (attached hereto as Exhibit C), Notice of Case Management Conference (attached hereto as Exhibit D), and the Parties' Case Management Statements (attached hereto as Exhibit E).

5.    On December 22, 2015, Kelly timely filed and served its Answer to the First Amended Class Action Complaint. The Answer and accompanying proof of service are attached hereto as Exhibit "F."

6.    This Action is properly removed to this Court under the Class Action Fairness Act (CAFA), which amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met: (a) the aggregate amount in controversy exceeds $5,000,000; (b) any member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); (c) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (d) the number of members of the plaintiff class is 100 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5).

/ / /

**DIVERSITY JURISDICTION**

7. Plaintiff was, at all relevant times, a resident of the State of California. The purported Class Members worked in California during the class period. *See* Exhibit A, ¶¶ 3-4.

8. Kelly is incorporated under the laws of the state of Delaware, with its principal place of business in Troy, Michigan. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities...And in practice it should normally be the place where the corporation maintains its headquarters."). Kelly's corporate headquarters (where the majority of executive and administrative functions are performed, where the majority of its corporate officers and executives exist) are located in Troy, Michigan. *See* Declaration of Robert Romanelli in Support of Notice of Removal ("Romanelli Decl.") ¶¶ 4-5.

**CLASS SIZE**

9. Plaintiff's First Amended Class Action Complaint alleges that Defendants "regularly employ more than 100 employees in California in hourly wage or other non-exempt positions." *See* Exhibit A, ¶ 48. Plaintiff's class definition includes, "All current and former employees of Defendants who were paid an hourly wage and who worked in a non-exempt position for Defendants in California during the Class Period" – a time period going back four years before the commencement of this action. *See* Exhibit A, ¶ 45.

10. From the time period August 26, 2011 to December 13, 2015, Kelly employed 56,326 non-exempt hourly employees in California. *See* Declaration of Kristen Yerkovich in Support of Notice of Removal of Action ("Yerkovich Decl.") ¶ 4.

**AMOUNT IN CONTROVERSY**

11. As set forth below, the amount in controversy on two of Plaintiff's claims each independently exceed the $5,000,000 CAFA threshold, and in the aggregate, the amount in controversy in connection with these two claims is in excess of $203,968,505.

12. Although Plaintiff pled in the First Amended Class Action Complaint that the claims of the proposed class are less than $5,000,000, the Ninth Circuit recently held that

1  regardless of what is pled by the Plaintiff in an effort to avoid removal, a defendant's burden of

2  proof on the matter of controversy is by preponderance of the evidence. *Rodriguez v. AT&T*

3  *Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Likewise, the U.S. Supreme Court in

4  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350-51 (2013), held a plaintiff may not

5  defeat CAFA jurisdiction by stipulating that the amount in controversy is not more than $5

6  million.

7      13.    In determining whether the amount in controversy exceeds the statutory minimum,

8  the Court must presume the plaintiffs will prevail on each and every one of their claims. *Kenneth*

9  *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) ("In

10  measuring the amount in controversy, a court must assume that the allegations of the complaint

11  are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.");

12  accord *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

13      14.    A defendant is entitled to rely on the allegations as pled in support of its removal

14  petition. "A statement in a complaint…is a judicial admission…." *Am. Title Ins. Co. v. Lacelaw*

15  *Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); accord *Korn*, 536 F.Supp.2d at 1203 (E.D. Cal. 2008).

16  Judicial admissions are "conclusively binding on the party who made them." *Id.* Further, judicial

17  admissions "have the effect of withdrawing a fact from issue and dispensing wholly with the need

18  for proof of the fact." *Id.*

19      15.    The amount in controversy may include general and special compensatory

20  damages, damages that are punitive in nature, as well as attorneys' fees recoverable by statute.

21  *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional

22  minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive

23  damages."); *see also, Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir.

24  1963); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

25  **A.    More Than $5,000,000 Is In Controversy Based On Plaintiff's Third Cause Of Action**

26  **- Inadequate Employee Wage Statements.**

27      16.    Plaintiff's First Amended Class Action Complaint, in the third cause of action,

28  includes a claim under California Labor Code sections 226(a), 1174, and 1175 for failure to

1   provide itemized wage statements to class members.  Specifically, Plaintiff alleges that

2   "Defendants have regularly and consistently…failed to provide Plaintiff and the Class Members

3   with complete and accurate wage statements." *See* Exhibit A, ¶ 79.  Plaintiff alleges that for each

4   violation under Labor Code § 226(e), Plaintiff and Class Members are entitled to recover "$50.00

5   for the initial pay period in which a violation occurs and $100 per employee for each violation in a

6   subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award

7   of costs and reasonable attorneys' fees." *See* Exhibit A, ¶ 85.

8       17.    In order to obtain the maximum penalty amount under Labor Code section 226(e),

9   an employee must have suffered the injury 41 times (*i.e.*, 41 pay periods; $50 for the first pay

10  period + $100 for 40 pay periods = $4,050, so the maximum penalty of $4,000 would apply.)

11      18.    The time period covered by Plaintiff's claims, as alleged in the First Amended

12  Class Action Complaint, extends back four years prior to the commencement of the action.  See

13  Exhibit A, ¶ 2.

14      19.    From August 26, 2011 to December 13, 2015 (four years from the commencement

15  of the action), there were 10,329 employees who were paid 41 times or more in California.

16  Yerkovich Decl. ¶ 8.  This results in at least **$41,316,000** in claimed penalties ($4,000 x 10,329 =

17  $41,316,000).

18  **B.    More Than $5,000,000 Is In Controversy Based On Plaintiff's Claim For Violations**

19  **Of Labor Code Section 203 – Waiting Time Penalties.**

20      20.    Plaintiffs also seek statutory penalties under Labor Code section 203 for failing to

21  timely pay final wages to terminated putative class members ("waiting time penalties").

22  California Labor Code section 203 provides for a "waiting time" penalty equal to 30 days' wages.

23  Cal. Lab. Code § 203.  Specifically, Plaintiff alleges that he "and the Class Members whose

24  employment ended….were not fully paid all wages due to them within the time required by

25  California Labor Code §§ 201 and 202.  Accordingly, Plaintiff and the Class Members seek the

26  payment of California Labor Code § 203 penalties, in an amount according to proof." *See* Exhibit

27  A, ¶ 98.  Plaintiff also alleges that Defendant's practice of not paying wages at the time of

28  / / /

1  termination extends back four years from the commencement of this action under Business and

2  Professions Code section 17200.  *See* Exhibit A, ¶ 2.

3       21.     From August 26, 2011 to December 13, 2015, there were 49,817 California non-

4  exempt employees who were terminated or ended their employment with Kelly.  Yerkovich Decl.

5  ¶ 6.  The average hourly wage for this group of employees was $15.73, and the average daily rate

6  of pay was $108.85.  Yerkovich Decl. ¶ 7.  Accordingly, the average waiting time penalty for an

7  employee who was terminated or ceased their employment with Kelly during the class period is

8  $3,265 ($108.85 x 30 days = $3,265).  This results in at least **$162,652,505** in claimed penalties

9  according to Plaintiff's asserted claims in the First Amended Complaint ($3,265 x 49,817 =

10  $162,652,505).

11                              **REMOVAL JURISDICTION**

12       22.     This Notice of Removal has been filed within the 30-day time period mandated by

13  28 U.S.C. sections 1441(a) and 1446(b), and notice of this Removal will be given timely to

14  Plaintiffs and the Superior Court pursuant to 28 U.S.C. section 1446(d).

15       23.     Venue lies in the United States District Court for the Northern District of

16  California, San Jose Division, pursuant to 28 U.S.C. sections 1441(a) and 1391(a) because the

17  state action was filed in this district, and it is the judicial district in which the action arose.

18       24.     This Action is properly removed to this Court under the Class Action Fairness Act

19  (CAFA) because:  (a) the aggregate amount in controversy exceeds $5,000,000; (b) any member

20  of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); (c)

21  the primary defendants are not states, state officials, or other government entities against whom

22  the district court may be foreclosed from ordering relief; and (d) the number of members of the

23  plaintiff class is 100 or more.  *See* 28 U.S.C. § 1332(d)(2), (d)(5); *see also, Serrano v. 180*

24  *Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

25  / / /

26  / / /

27  / / /

28  / / /

1      WHEREFORE, Defendant prays the above action now pending against it in the Superior

2 Court of the State of California for the County Monterey be removed therefrom to this Court.

3

4 Dated: December 23, 2015          PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

5

6                By:        /s/ Aaron A. Buckley
                           E. JOSEPH CONNAUGHTON

7                            AARON A. BUCKLEY
                           NANCY GAUSEWITZ BERNER

8                            Attorneys for Defendant KELLY SERVICES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

| Exhibit | Description | Page No. |
|---------|-------------|----------|
| A | Plaintiff's First Amended Class Action Complaint for Damages and For Injunctive Relief, filed in Monterey County Superior Court on October 15, 2015, Case No. M133109 | 8 |
| B | Summons filed August 26, 2015 | 45 |
| C | Notice and Acknowledgment of Receipt, dated November 3, 2015 | 46 |
| D | Plaintiff's Notice of Case Management Conference, dated November 3, 2015 | 47 |
| E | Defendant Kelly Services, Inc.'s Case Management Statement, filed December 7, 2015, and Plaintiff Hernando Barbosa's Case Management Statement served December 9, 2015 | 48 |
| F | Defendant Kelly Services, Inc.'s Answer to the First Amended Complaint, served and filed December 22, 2015 | 61 |

# EXHIBIT A



**FILED**

OCT 1 5 2015

TERESA A. RISI
CLERK OF THE SUPERIOR COURT
L. CUMMINGS          DEPUTY

1   B. James Fitzpatrick, Esq. (SBN: 129056)
    FITZPATRICK, SPINI & SWANSTON
2   555 S. Main Street
    Salinas, CA 93901
3   Telephone: (831) 755-1311
    Facsimile: (831) 755-1319
4
    Attorneys for Plaintiff,
5   HERNANDO BARBOSA on behalf of himself
    and all other similarly situated employees
6

7                 **SUPERIOR COURT OF CALIFORNIA**
8                    **COUNTY OF MONTEREY**
9

10  HERNANDO BARBOSA on behalf of          Case No. M133109
    Himself and all other similarly situated
11  employees,                             **FIRST AMENDED CLASS ACTION
                                           COMPLAINT FOR DAMAGES AND FOR
12              Plaintiff,                 INJUNCTIVE RELIEF**

13  v.
                                           **DEMAND FOR JURY**
14
    KELLY SERVICES, INC., a California
15  Corporation, LASER DEVICES, INC.,
    a California Corporation, and DOES 1 to
16  100, inclusive,

17              Defendants.

18

19          COMES NOW Plaintiff HERNANDO BARBOSA who on behalf of himself and all other

20  similarly situated employees complains and alleges as follows:

21          1.      As used herein, the term "Plaintiff" includes HERNANDO BARBOSA

22  ("Plaintiff"), individually and as Plaintiff Class Representative.

23          2.      Plaintiff and the members of the each subclass alleged herein (collectively, "Class

24  Members") seek injunctive and equitable relief for all wages and expense reimbursements

25  withheld from them and compensation for all wages, compensation and penalties due to the

26  Class Members in connection with work performed by them at the facility operated by LASER

27  DEVICES, INC., in Monterey, California, during the "Class Period," which is defined as the

28  period of time beginning four (4) years before the commencement of this action through the date

-1-

1    on which judgment herein becomes final, based upon information and belief that Defendants are

2    continuing and will continue the unlawful employment practices described herein.

3        3.      Each of the Class Members are identifiable, non-exempt employees, similarly

4    situated persons and were engaged, suffered or permitted to work by Defendants as employees of

5    Defendants during the Class Period working for Defendants in California.  Plaintiff reserves the

6    right to seek additional amendments of this Complaint to add as a named Plaintiff some or all of

7    the persons who are members of the Plaintiff Class.

8        4.      Plaintiff HERANDO BARBOSA is, and at all times relevant herein has been, a

9    competent adult male and a resident of Monterey County, in the State of California.  Plaintiff is,

10   and at all relevant times herein was, an individual as defined in Business and Professions Code

11   §§ 17201 and 17204.

12       5.      Defendant KELLY SERVICES, INC., is, and at all times mentioned in this

13   Complaint has been, a corporation incorporated under the laws of the State of California,

14   conducting business throughout the State of California, and in the County of Monterey.

15       6.      Defendant LASER DEVICES, INC., is, and at all times mentioned in this

16   Complaint has been, a corporation incorporated under the laws of the State of California,

17   conducting business throughout the State of California, and in the County of Monterey.

18       7.      Defendant LASER DEVICES, INC., has its primary place of business in the

19   County of Monterey, in the State of California, and has expressly consented to jurisdiction in

20   California, and Plaintiff is informed and believes and thereon alleges that Defendant LASER

21   DEVICES, INC., has purposefully availed itself of the privileges and benefits of doing business

22   in the County of Monterey, State of California, and thus is subject to jurisdiction in the County

23   of Monterey, in the State of California.

24       8.      Defendants herein are and at all times alleged herein were "persons" as defined in

25   California Business and Professions Code § 17201.Defendants KELLY SERVICES, INC., and

26   DOES 1 through 100 (collectively referred to herein as either "DEFENDANTS" or "KELLY

27   SERVICES"), are, and at all times alleged herein were, a temporary services employer as that

28   term is defined in Labor Code section 210.3(a)(1) and a labor contractor, as that term is defined

-2-

EXHIBIT A - 009

1  in Labor Code section 2810.3(a)(3). With respect to Plaintiff HERNANDO BARBOSA and

2  those Class Members supplied to them by KELLY SERVICES, the other Defendants herein are,

3  and at all times alleged herein were, clients or customers, as those terms are defined in Labor

4  Code 201.3(a)(4), and client employers, as that term is defined in labor Code section

5  2810.3(a)(1), and at all times herein said Defendants maintained a workforce of at least 25

6  workers and more than five workers supplied by Defendant KELLY SERVICES. In addition to

7  supplying temporary workers to the other Defendants, KELLY SERVICES influenced and

8  exerted control over the manner in which the other Defendants provided rest periods and meal

9  periods, as well as the content and distribution of wage statements and documents employers are

10  required to maintain under California law.

11       9.     Plaintiffs and the Class Members are informed and believe, and thereon allege,

12  that at all times alleged herein KELLY SERVICES and each of the other Defendants herein

13  jointly employed the Plaintiffs and Class Members and/or carried out a joint scheme, business

14  plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable

15  to the other Defendants such that they are deemed a single integrated enterprise and agents of

16  one another so that all Defendants are each jointly and severally liable for the acts and omissions

17  hereinafter alleged.

18       10.    Throughout the Class Period Defendant KELLY SERVICES recruited, solicited,

19  hired and employed and furnished employment, and were employers pursuant to IWC Wage

20  Order No. 1-2001. Defendant KELLY SERVICES employed Plaintiff HERNANDO BARBOSA

21  and certain of the Class Members as Temporary Service Employees performing services for the

22  other Defendants named herein at Defendant LASER SERVICES, INC.'s Monterey facility.

23  During the time period in which said Plaintiff and certain Class Members were assigned to work

24  for the other defendants, Defendant KELLY SERVICES and the remaining Defendants herein

25  jointly employed each of them.

26       11.    At all times relevant herein, Plaintiff HERNANDO BARBOSA was an employee

27  of Defendants from November 2014, through February 2015. Plaintiff was employed by

28  Defendants and worked at the LASER SERVICES, INC. facility, pursuant to an unwritten

-3-

**EXHIBIT A - 010**

1  contract, some of the terms of which were the product of an oral agreement, with other terms
2  implied from or incorporated from written materials and policies maintained by Defendants and
3  from the conduct of the parties. The terms of this contract included working as a non-exempt
4  production worker and at all times as an employee not exempted from the California Labor Code
5  and IWC Wage Order No. 1-2001.

6    12.    Plaintiff and the Class Members are ignorant of the true names, identities,
7  capacities and relationships of the Defendants sued herein as DOES 1 through 100, inclusive,
8  and therefore sue these Defendants by such fictitious names. Plaintiff and the Class Members
9  are informed and believe, and thereon allege, that each of these fictitiously named Defendants
10  are responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the
11  Class Members' harm, injury, detriment and damages as herein alleged were proximately caused
12  by DOES 1 through 100. Plaintiff and the Class Members will amend this Complaint to allege
13  the true names and capacities of said DOE Defendants when such information is ascertained.
14  Each reference to "Defendants," and each reference to any particular Defendant herein, shall be
15  construed to refer to all of those fictitiously named herein as "DOE" Defendants, and each of
16  them.

17    13.    Plaintiff and the Class Members are informed and believe, and thereon allege, that
18  at all times relevant to this action, each of the Defendants herein served as the agent, employee,
19  representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and
20  that each of the Defendants herein was at all times acting within the course and scope of those
21  relationships. Plaintiff and the Class Members are further informed and believe, and thereon
22  allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of
23  each of the remaining Defendants herein. The conduct of each of the Defendants was at all times
24  herein in accordance with and represents the official policy of all Defendants. Additionally, at
25  all times herein mentioned, Defendants, and each of them, aided and abetted the acts and
26  omissions of each and all of the other Defendants, which proximately caused the damages herein
27  alleged.

28    14.    Plaintiff and the Class Members are further informed and believe, and thereon

-4-

First Amended Class Action Complaint for Damages
and Injunctive Relief

**EXHIBIT A - 011**

1   allege, that at all times alleged herein all of the Defendants jointly employed the Plaintiff and

2   Class Members herein and/or carried out a joint scheme, business plan and/or uniform policy,

3   and the acts and omissions of each Defendant are legally attributable to the other Defendants

4   such that they are deemed a single integrated enterprise and agents of one another so that all

5   Defendants are each jointly and severally liable for the acts and omissions hereinafter alleged.

6        15.    Defendants each share the same directors, officers and professional advisors,

7   Defendants are each owned by the same entity, Defendants share human resources personnel,

8   Defendants are each managed by the same people, Defendants' highest ranking officers are

9   located in the same physical location, a single control group makes decisions affecting all of

10  Defendants' personnel, employment, wage, management, supervisory, expense reimbursement,

11  and policy-making decisions, as well as many other conditions affecting the conditions of labor

12  for Plaintiff and the Class Members.

13                          **JURISDICTION AND VENUE**

14       16.    This Court has jurisdiction over this action pursuant to Article VI, section 10 of

15  the California Constitution.  Plaintiff brings this Complaint for violations of California law

16  occurring in the County of Monterey, including without limitation violations of the California

17  Labor Code, Business and Professions Code, Civil Code and common law, and the amount in

18  controversy exceeds the minimum jurisdictional amount of the Superior Court.  Based on

19  information and belief, Defendants are citizens of this State and have sufficient minimum

20  contracts in the State, or have otherwise intentionally availed themselves of the benefits and

21  privileges available within this State, economic or otherwise, so as to render the exercise of

22  jurisdiction over them by the courts of the State of California consistent with traditional notations

23  of fair play and substantial justice.  Accordingly, this Court has jurisdiction over the parties and

24  claims in this matter.

25       17.    Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial

26  district because Defendants now and throughout the Class Period did, reside and/or transact

27  business in the County of Monterey, employed Plaintiff, employed Class Members and continue

28  to employ Class Members and other similarly situated persons in the County of Monterey.  The

-5-

1  conduct alleged herein and the damages resulting therefrom occurred in the County Monterey,
2  and at all times herein Defendants maintained their principal place of business in the County of
3  Monterey, State of California.

4        18.    Plaintiff's individual claims are less than $75,000.00 and the claims of the
5  proposed class are less than $5,000,000.00, inclusive of damages, penalties, interest, attorneys'
6  fees and costs.

7                          **ADMINISTRATIVE PROCEEDINGS**

8        19.    Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on
9  September 2, 2015, by certified mail to Defendants and the Labor and Workforce Development
10  Agency of factual and legal basis for the labor law violations alleged in this Complaint.  Prior to
11  filing this Complaint, Plaintiff and the Class Members allowed 33 days lapse for the Labor and
12  Workforce Development Agency investigate such violations.

13       20.    Pursuant to California Labor Code § 2699.3, Plaintiff and the Class Members seek
14  all applicable penalties for violations which the Labor and Workforce Development Agency has
15  failed or elected not to investigate and/or failed or elected not to issue a citation.  Plaintiff and
16  the Class Members have exhausted all administrative remedies required by the Labor and
17  Workforce Development Agency as a prerequisite to filing this action.

18                             **GENERAL ALLEGATIONS**

19       21.    Throughout the Class Period, Defendant KELLY SERVICES, INC., owned,
20  operated and controlled a business for the purpose of operating an employment agency that
21  employed persons within the meaning of California Industrial Welfare Commission ("IWC")
22  Wage Orders, No.'s 1-2001 through 17-2001, and MW-2014 and its predecessors, which are
23  codified in California Code of Regulations ("CCR"), Title 8, Sections 11010 through 11170
24  (hereinafter collectively referred to as "the Wage Order").

25       22.    On information and belief, throughout the Class Period Defendants recruited,
26  solicited, hired and employed and furnished employment to Plaintiff and the Class Members, and
27  was an employer pursuant to  8 CCR § 11010 and IWC Wage Order No. 1-2001, which applies
28  to occupations in the manufacturing industry.. Defendants employed the Class Members as non-

-6-

*Barbosa  v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                    and for Injunctive Relief
                                                    **EXHIBIT A - 013**

1   exempt Temporary Service Employees performing services for Defendants and at the LASER
2   DEVICES facility in Monterey, California.

3       23.    Throughout the Class Period, Defendants, and each of them, have directly or
4   indirectly or through an agent or representative exercised control over the wages, hours and/or
5   working conditions of Plaintiff and the Class Members and engaged, suffered and/or permitted
6   Plaintiff and the Class Members to work.

7       24.    Throughout the Class Period, Plaintiff and Class Members were employees under
8   the California Labor Code and were non-exempt from the protections of the provisions of the
9   Labor Code referenced herein and from the protections of the Wage Order.

10       25.    Throughout the Class Period, Defendants maintained a meal period policy that
11   failed to provide a meal break to Plaintiff and the Class Members that began before more than
12   five (5) hours were worked. The policy maintained by Defendants failed to pay Plaintiff and the
13   Class Members one (1) hour of pay at Plaintiff's and the Class Members' regular rate of
14   compensation for each meal period that was not timely provided as required by California Labor
15   Code § 226.7 and the Wage Order.

16       26.    Likewise, during the Class Period, Defendants maintained and enforced a uniform
17   policy by which they repeatedly failed to authorize, permit and provide Plaintiff and the Class
18   Members with paid duty-free rest periods of at least ten (10) consecutive uninterrupted minutes
19   during which Plaintiff and the Class Members were relieved of all duties for every four (4) hours
20   worked, or major fraction thereof, and which were counted as hours worked for which there
21   would be no deduction from wages. The policy maintained by Defendants required Plaintiff and
22   the Class Members to abstain from taking more than one rest period on workdays lasting longer
23   than six hours. Pursuant to this policy, Defendants failed to compensate Plaintiff and the Class
24   Members one (1) hour of wages at their regular rate of compensation for each rest period not
25   provided, as required by California Labor Code § 226.7 and the Wage Order. As a consequence
26   of this policy, Plaintiff and the Class Members were forced to work without paid rest periods
27   during the relevant period.

28       27.    Throughout the Class Period, Plaintiff and Class Members were not compensated

-7-

1    for required pre- and post-production work activities necessary and integral to their overall

2    employment responsibilities, such as donning and doffing sanitary equipment and gear, for

3    example. Plaintiff and other Class Members were required before the start of their shift to arrive

4    at the front office of Defendant LASER DEVICES, INC.'s Monterey facility where they were

5    provided with mandatory clothing and thereafter sign in on a timesheet to begin their work day.

6    All of these activities are performed for the benefit of Defendants. The time the employees were

7    required to stand in line, get their gear, and to put their gear on is all done without compensation,

8    which on a daily basis is substantial, and deprives Plaintiff and the Class Members of wages lost

9    (both straight-time and overtime) each week.

10        28.    In addition, because Plaintiff and the Class Members were required to don and

11    doff each time a meal or rest period is taken they were not provided with a 30 minute duty free

12    meal period nor a 10 minute duty free rest period. During their unpaid 30 minute meal period,

13    Plaintiff and the Class Members were required to doff before exiting the production area. Prior

14    to the conclusion of their 30 minute meal period, Plaintiff and the Class Members would return

15    to the production area in order to allow them sufficient time to don and to be ready before the

16    expiration of their 30 minute meal period. All these activities are required work activities and

17    Defendants did not compensate Plaintiff and the Class Members for this time. As a result of the

18    donning and doffing requirements related to their sanitary equipment and gear, Plaintiff and the

19    Class Members were not afforded a full duty free 30 minute meal period. Likewise, as a result of

20    having to perform the same donning and doffing activities during their 10 minute rest periods,

21    Plaintiff and Class Members were not afforded a full 10 minute duty free rest period.

22        **FACTS SPECIFIC TO THE CLASS REPRESENTATIVE**

23        29.    In or about November 2014, Plaintiff was hired by Defendants as a Temporary

24    Service Employee at KELLY SERVICES' Salinas office located at 1418 South Main Street,

25    Salinas, California.

26        30.    Plaintiff was assigned to work as a production worker and welder at Defendant

27    LASER DEVICES' Monterey facility. Plaintiff and other Class Members were required to

28    participate in a mandatory orientation and training. Also, upon arriving for work at the LASER

-8-

*Barbosa v. Kelly Services, Inc., et al.,*
Case No. M133109        First Amended Class Action Complaint for Damages
and Equitable Injunctive Relief

**EXHIBIT A - 015**

DEVICES facility, Plaintiff and the Class Members were required to stand in line to be provided with mandatory work clothing and were then required to sign in on a written time sheet. Thereafter, while under the control of both the customer and the employer, Plaintiff and the Class Members were required to don and doff personal protective equipment and other work-related gear and performing preliminary and postliminary work, all off the clock that resulted in Plaintiff and the Class Members not being paid for all hours worked.

31. During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently failed to provide Plaintiff and the Class Members with complete and accurate itemized wage statements stating the total hours worked, gross wages earned, net wages earned, all applicable rates of pay and the corresponding number of hours worked under each rate, all deductions, and accurate accounting for all hours worked and wages paid to Plaintiff and the Class Members. Defendants also failed to record in ink or other identifiable form all deductions from wages showing the month, day and year, and failed to keep a copy of the statements and records of deductions for three years at the place of employment or at a central location in the State of California.

32. During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code § 204 and the Wage Order by failing to pay Plaintiff and the Class Members for all hours worked.

33. During the Class Period, Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202 and 203 by failing to pay Plaintiff and the Class Members all unpaid wages within 72 hours after they voluntarily resigned their employment, or, when their employment was involuntarily terminated, immediately on their last day of employment. If an employer willfully fails to pay an employee all unpaid wages within the requisite time period, the employer must pay the employee a penalty in the amount of up to 30 days wages, called "a waiting time penalty."

34. At all times relevant herein, as a result of the aforementioned specific actions, Plaintiff asserts that Plaintiff and the Class Members worked for Defendants without being paid all wages on time, without being paid for all hours worked as a result of an unlawful time

-9-

**EXHIBIT A - 016**

1   rounding practice, and without having been provided with complete and accurate wage

2   statements as required by law.

3        35.    As a result of the aforementioned specific actions, Plaintiff asserts that

4   Defendants had in existence a consistent and uniform policy of failing to provide Plaintiff and

5   the Class Members compensation in full when due and payable for all hours worked in

6   accordance with California law.

7        36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

8   should have known that Plaintiff and the Class Members were entitled to receive all wages in full

9   hen due and payable in accordance with California law.

10        37.    As a result of the aforementioned specific actions, Plaintiff asserts that

11   Defendants had in existence a consistent and uniform policy of failing to pay Plaintiff and the

12   Class Members all compensation owed immediately upon termination in accordance with

13   California law.

14        38.    Plaintiff and the Class Members are informed and believe, and thereon allege, that

15   at all times herein mentioned, Defendants were advised by skilled lawyers and other

16   professionals, employees and advisors knowledgeable about California labor and wage law,

17   employment and personnel practices, and about the requirements of California law.  Plaintiff and

18   the Class Members are informed and believe, and thereon allege, that at all times during the

19   Class Period, Defendants knew or should have known that they had a duty to compensate

20   Plaintiff and the Class Members, and that Defendants had the financial ability to pay such

21   compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented

22   to Plaintiff and the Class Members that they were properly denied wages, all in order to increase

23   Defendants' profits.

24        39.    Plaintiff and the Class Members are informed and believe, and thereon allege that

25   Defendants knew or should have known that Plaintiff and the Class Members were entitled to

26   receive certain wages for all work done by them, and that they were not receiving wages for such

27   work.

28        40.    Defendants knew or should have known that, throughout the Class Period,

-10-

*Barbosa v. Kelly Services, Inc., et al.,*      First Amended Class Action Complaint for Damages
Case No. M133109      and Injunctive Relief
**EXHIBIT A-017**

1   Plaintiff and the Class Members were performing work as alleged throughout this Complaint,

2   that Plaintiff and the Class Members were entitled to the payment of wages for such work and

3   that Plaintiff and the Class Members were in fact receiving no wages for such work.  Moreover,

4   Defendants knew or should have known that they were required to document the time involved

5   in the performance of such work, maintain a written record of such time, include such time and

6   corresponding wage rates for such time in wage statements as required in Labor Code § 226,

7   calculate gross and net wages for such time and include such calculations in the wage statement

8   required by Labor Code § 226.  Defendants further knew or should have known that they were

9   required to maintain written records of wages earned for such time, pay wages to Plaintiff and

10  Class Members for such time and distribute a wage statement to them, including references to

11  such time and wages earned therefor.  Nevertheless, throughout the Class Period Defendants

12  repeatedly, as a matter of policy applied uniformly to all Class Members, failed and refused to

13  record such time and the wages owed therefor; maintain records of such time and the wages

14  owed therefor; include such time, corresponding wage rates for such time, and the gross and net

15  wages earned for such time in the wage statements distributed to Plaintiff and the Class

16  Members; and pay wages to Plaintiff and the Class Members for such time.

17        41.    Plaintiff is informed and believes and thereon alleges that, throughout the Class

18  Period, Defendants were not only aware that they were engaging, suffering and permitting

19  Plaintiff and the Class Members to work, but Defendants were also aware of their legal

20  obligation to pay wages to Plaintiff and the Class Members for time they spent engaged in such

21  activities.

22        42.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code

23  shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him

24  under this Article."

25        43.    Plaintiff and the Class Members bring this action pursuant to the Labor Code and

26  the Wage Order seeking unpaid compensation, penalties, attorneys' fees and costs, injunctive

27  and other equitable relief.

28        44.    Plaintiff brings this action pursuant to Business and Professions Code §§ 17200 –

-11-

*Barbosa v. Kelly Services, Inc., et al.,*   First Amended Class Action Complaint for Damages
Case No. M133109   and Equitable and Injunctive Relief
EXHIBIT A - 018

1  | 17208, seeking injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed

2  | from their failure to provide hourly wages.

3  | **CLASS ACTION ALLEGATIONS**

4  |     45.    Plaintiff brings this action on behalf of himself and all other similarly situated

5  | persons as a class action pursuant to Code of Civil Procedure § 382. All claims alleged herein

6  | arise under California law for which Plaintiff seeks relief authorized by California law. Plaintiff

7  | seeks to represent subclasses composed of and defined as follows:

8  |         A.    <u>Unpaid Wages Worker Subclass</u>:

9  |             All current and former employees of Defendants who were paid an hourly

10 |             wage and who worked in a non-exempt position for Defendants in

11 |             California during the Class Period.

12 |         B.    <u>Non-Compliant Wage Statement Subclass</u>:

13 |             All current and former employees of Defendants who were paid an hourly

14 |             wage and who worked in a non-exempt position for Defendants in

15 |             California, and received a wage statement during the Class Period.

16 |         C.    <u>Unpaid Wages Former Employees Subclass</u>:

17 |             All employees of Defendants who were paid an hourly wage and who

18 |             worked in a non-exempt position for Defendants in California, and whose

19 |             employment with Defendants was voluntarily or involuntarily terminated

20 |             during the Class Period.

21 |     46.    Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or

22 | modify the class descriptions with greater specificity, further division into subclasses or with

23 | limitations to particular issues.

24 |     47.    This action has been brought and may be properly maintained as a class action

25 | under the provisions of Code of Civil Procedure § 382 because the questions of law and fact are

26 | of common or general interest, the parties are numerous, and it would be impracticable to bring

27 | them all before the court.

28 | **A.    Numerosity**

-12-

1    48.    Class Members are so numerous that joinder of all the members of the class is

2  impracticable. While the precise number of members of each subclass has not been determined

3  at this time, Plaintiff is informed and believes, that Defendants currently employ, and during the

4  relevant time periods, regularly employed more than 100 employees in California, in hourly

5  wage or otherwise non-exempt positions. The identities of the members of each subclass are

6  readily ascertainable by inspection of Defendants' employment records. Moreover, joinder of all

7  members of the proposed subclasses is not practicable and individual damages for each member

8  is not anticipated to be sufficiently high to allow for practical resolution through individualized

9  litigation.

10  **B.    Commonality and Predominance**

11    49.    There are questions of law and fact common to each subclass that predominates

12  over any questions affecting only individual Class Members of each subclass. These common

13  questions of law and fact include, without limitation:

14    a.    Whether Defendants violated California Labor Code §§ 226.7 and 512 and

15  the Wage Order by failing to provide a 30 minute duty-free meal period within the first five

16  hours of each workday to Plaintiff and the Class Members on days they worked in excess of (5)

17  five hours;

18    b.    Whether Defendants violated Labor Code § 226.7 and the Wage Order by

19  failing to provide a paid ten (10) minute duty-free rest period to Plaintiff and the Class Members

20  for every four hour work period or major fraction thereof, and by failing to compensate Plaintiff

21  and the Class Members one hour of wages for such missed and/or unpaid/underpaid rest periods;

22    c.    Whether Defendants violated Labor Code §§ 1197 and 1197.1 by failing

23  to pay Plaintiff and the Class Members at least minimum wage as compensation for any and all

24  work performed by them;

25    d.    Whether Defendants violated California labor laws, including but not

26  limited to the Wage Order by requiring Plaintiff and the Class Members to report to work and

27  subsequently were furnished with less than half of their usual or scheduled day's work and were

28  not paid for half their usual or scheduled day's work, nor were they paid the two-hour minimum

-13-

*Barbosa v. Kelly Services, Inc., et al.,*    First Amended Class Action Complaint for Damages
Case No. M133109    and for Injunctive Relief
**EXHIBIT A - 020**

1  required by the reporting time provision of the Wage Order;

2          e.      Whether Defendants violated California Labor Code §§ 201, 202, 204,

3  216, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members

4  agreed wages for all work performed by them;

5          f.      Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by

6  failing to timely pay Plaintiff and the Class Members all wages for work performed by them

7  during their employment and failing to timely pay Plaintiff and the Class Members at the end of

8  their employment all wages for work performed by them during their employment;

9          g.      Whether Defendants violated California Labor Code § 226 by failing to

10  provide accurate and complete itemized wage statements to Plaintiff and the Class Members of

11  each subclass and whether such failure was knowing and intentional;

12          h.      Whether Defendants' failure to pay wages in accordance with the

13  California Labor Code was willful or knowing and intentional;

14          i.      The appropriate amount of damages, restitution or monetary penalties

15  resulting from Defendants' violations of California law;

16          j.      Whether Plaintiff and the Members of the subclasses are entitled to

17  injunctive and other equitable relief pursuant to Business and Professions Code §§ 17200 *et seq.*;

18  and

19          k.      Whether Defendants violated Business and Professions Code §§ 17200 *et*

20  *seq.*, by failing to provide meal and paid rest periods mandated by Labor Codes §§ 226.7 and 512

21  and the Wage Order; by failing to compensate Plaintiff and the Class Members one hour of pay

22  for meal periods and rest periods that were not provided; by failing to pay minimum wage; by

23  failing to provide complete and accurate wage statements to Plaintiff and the Class Members in

24  accordance with Labor Code § 226; by failing to pay agreed wages; by failing to timely provide

25  all wages due to Plaintiff and the Class Members throughout and at the end of their employment;

26  and by failing to communicate work-related information to Plaintiff and the Class Members.

27  **C.**    **Typicality**

28          50.    Plaintiff and all members of the subclasses sustained injuries and damages arising

-14-

*Barbosa v. Kelly Services, Inc., et al.,*      First Amended Class Action Complaint for Damages
Case No. M133109      and Injunctive Relief

**EXHIBIT A-021**

1    out of and caused by the Defendants' common course of conduct in violation of statues, common

2    law, the Wage Order and/or regulations that have the force and effect of law as alleged herein.

3         51.    The claims of Plaintiff are typical of the claims of the members of each subclass.

4    Plaintiff and all members of each subclass sustained injuries and damages arising out of and

5    caused by the Defendants' common course of conduct in violation of statutes, common law, IWC

6    Wage Orders and/or regulations that have the force and effect of law, as alleged herein.

7    **D.    Adequacy of Representation**

8         52.    Plaintiff will fairly and adequately represent and protect the interests of the Class

9    Members.  Plaintiff acknowledges Plaintiff's obligation to make known to the Court any

10   relationship, conflict or difference with any Class Member.  Plaintiff has incurred and throughout

11   this action will continue to incur, costs and attorney's fees necessarily expended for the

12   prosecution of this action for the substantial benefit of each Class Members.  Counsel who

13   represents Plaintiff is competent and experienced in litigating class actions, versed in the rules

14   governing class action discovery certification, settlement and trial, and will vigorously and

15   competently pursue the claims of Plaintiff and the Class Members. Neither Plaintiff nor his

16   counsel have any conflicts of interest with respect to this action.

17   **E.    Superiority**

18        53.    The nature of this action makes the use of class action adjudication superior to

19   other methods.  The class action will achieve economies of time, effort and expense as compared

20   with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent

21   outcomes because the same issues will be adjudicated in the same manner and at the same time

22   for the entire class.

23   **F.    Public Policy Consideration**

24        54.    Employers in the State of California violate employment and labor laws on a daily

25   bases.  Employees are often intimidated and afraid to assert their rights out of fear that they will

26   .be subjected direct or indirect retaliation by their employers.  Former employees (those who are

27   no longer employed by a particular employer who had subjected them to employment and labor

28   law violations) are fearful of bringing actions against their former employers because they

-15-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                                         and Injunctive Relief

**EXHIBIT A - 022**

1  believe their former employers might damage their future endeavors through negative references

2  and/or other means.  Class actions provide Class Members who are not named in the complaint

3  with vindication of their rights while also protecting their privacy and shielding them from

4  retaliation.

5  ### FIRST CAUSE OF ACTION

**Failure and Refusal to Pay Agreed Wages**

6  **(California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, 1198; the Wage Order)**

7  **(Plaintiff and the Class Members against all Defendants)**

8  55.    Plaintiff and the Class Members incorporate by reference all of the allegations

9  contained in the preceding paragraphs as though fully set forth herein.

10  56.    Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 1194 and 1198, together

11  with the Wage Order and the common law, provide that employees have an immediate and

12  vested right to receive agreed wages for work they were engaged, suffered and permitted to

13  perform.

14  57.    Throughout the Class Period, as a result of uniform policies maintained and

15  enforced by Defendants, the object and/or foreseeable consequence of which were to deny such

16  wages to Plaintiff and the Class Members, Defendants employed Plaintiff and the Class

17  Members at agreed wages and refused to pay such wages to Plaintiff and the Class Members for

18  all hours they worked by a multitude of unlawful practices, including but not limited to:

19  a.    Requiring Plaintiff and the Class Members to stand in line at the security

20  guard station where they were provided with mandatory work clothing and were required to sign

21  a form acknowledging that they received the mandatory work clothing; and

22  b.    The time worked while donning and doffing protective equipment and

23  other work-related gear at the start and the end of Plaintiff and the Class Members shifts and

24  before and after the meal and rest periods.

25  58.    Defendants at all times knew or had reason to know that Plaintiff and the Class

26  Members were performing the aforementioned work without pay and that the practices

27  referenced above deprived Plaintiff and the Class Members of wages for work performed by

28  them.

-16-

*Barbosa v. Kelly Services, Inc., et al.,*
Case No. M133109

First Amended Class Action Complaint for Damages
and for Injunctive Relief

**EXHIBIT A - 023**

59.     At all times herein alleged, Labor Code § 223 provided, in relevant part: "Where any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by . . . contract." At all times herein alleged, Plaintiff and Defendants were parties to an employment contract pursuant to which they had agreed Plaintiff was to be paid a designated wage scale, which included but was not limited to the payment of wages for each hour worked as required by the Labor Code and the Wage Order.  By repeatedly and consistently failing to pay regular wages to at the agreed wage scale as required by the Labor Code and the Wage Order, as elsewhere alleged herein, Defendants violated Labor Code § 223, depriving Plaintiff of the payment of wages according to the agreed wage scale.

60.     Pursuant to Labor Code § 216, Defendants are guilty of a misdemeanor for willfully refusing "to pay wages due and payable after demand has been made."

61.     Defendants continually failed and refused to pay to Plaintiff and the Class Members all wages earned, despite demands being made.

62.     Pursuant to Labor Code § 225.5, an employer who unlawfully withholds wages due to an employee in violation of § 216 shall be subject to a civil penalty.  One hundred dollars ($100) is assessed for the initial violation for each failure to pay each employee, and two hundred dollars ($200) for each subsequent violation, in addition to 25 percent of the amount unlawfully withheld.

63.     As a direct and proximate result of Defendants' willful refusal to pay all wages due to Plaintiff and the Class Members, Defendants are liable for wages owing and unpaid, with interest thereon, and for penalties under Labor Code § 225.5.

64.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**(Labor Code §§ 1197 and 1199; the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

65.     Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

-17-

1    66.    Labor Code §1197 provides that it is unlawful to pay less than the minimum wage

2  established by law. Throughout the Class Period, Defendants repeatedly failed to pay Plaintiff

3  and the Class Members the minimum wage for all hours worked, as required by the Wage Order,

4  violating the provisions of Labor Code §1197.

5    67.    Labor Code § 1194 provides that "any employee receiving less than the legal

6  minimum wage or the legal overtime compensation applicable to the employee is entitled to

7  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

8  compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

9    68.    Throughout the Class Period, Defendants' conduct as alleged herein amounted to

10  a pattern of unlawful wage and hour practices which resulted from the implementation of

11  uniform policies and practices by which Defendants failed to accurately record all hours worked

12  by Plaintiff and the Class Members thereby denying payment of minimum wages to Plaintiff and

13  the Class Members for hours worked.

14    69.    In committing the violations of the California Labor Code as alleged herein,

15  Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

16  benefits in violation of the California Labor Code, the Industrial Welfare Commission

17  requirements and other applicable laws and regulations.

18    70.    As a direct result of Defendant's unlawful wage practices as alleged herein,

19  Plaintiff and the Class Members have been denied full compensation for all hours worked by

20  them, including but not limited to minimum wages for hours worked.

21    71.    Pursuant to Labor Code § 1199, an employer who (a) requires or causes any

22  employee to work for longer hours than those fixed, or under conditions of labor prohibited by

23  an order of the commission (b) pays or causes to be paid to any employee a wage less than the

24  minimum fixed by an order of the commission and (c) violates and refuses or neglects to comply

25  with any provision of this chapter or any order or ruling of the commission, is punishable by a

26  fine of not less than $100.00.

27    72.    Plaintiff and the Class Members are entitled to recover wages from Defendants,

28  in an amount to be proven at trial, because of Defendants' payment of wages less than minimum

-18-

1    wage.

2        73.    Plaintiff and the Class Members were required to retain attorneys to bring this

3    action and are entitled to interest an award of reasonable attorneys' fees pursuant to Labor Code §

4    1194. Plaintiff and the Class Members are entitled to liquidated damages pursuant to Labor

5    Code § 1194.2.

6        74.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

7    for.

8                          **THIRD CAUSE OF ACTION**

9    **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement**
     **Provisions - California Labor Code §§ 226(a), 1174 and 1175; the Wage Order**
10   **(Plaintiff and the Class Members against Defendant Kelly Services, Inc., Only)**

11       75.    Plaintiff and the Class Members hereby incorporate the preceding paragraphs of

12   this Complaint as if fully alleged herein.

13       76.    California Labor Code § 226(a) and the Wage Order requires Defendants to

14   itemize in wage statements all deductions from payment of wages and to accurately report total

15   hours worked by Plaintiff and the Class Members and keep the records on file at the place of

16   employment or at a central location within the State of California. Defendants have knowingly

17   and intentionally failed to comply with California Labor Code § 226(a) and the Wage Order with

18   respect to wage statements they have provided to Plaintiff and the Class Members.

19       77.    California Labor Code § 1174 and the Wage Order require Defendants to

20   maintain and preserve, at the place of employment or at a central location within the State of

21   California, among other items, accurate records showing the names and addresses of all

22   employees employed, payroll records accurately showing the hours worked daily and the wages

23   paid to its employees.  Defendants have knowingly and intentionally failed to comply with these

24   requirements in violation of California Labor Code §§ 1174 and 1175 and the Wage Order.

25       78.    California Labor Code § 226(a) and the Wage Order provides that every employer

26   shall, semimonthly or at the time of each payment of wages, furnish each of its employees an

27   accurate itemized statement in writing showing gross wages earned, total hours worked by the

28   employee, all deductions, net wages earned, the inclusive dates of the period for which the

-19-

1 | employee is paid, the name of the employee and the employee's social security number (or an
2 | employee identification number), the name and address of the legal entity that is the employer
3 | and all applicable hourly rates in effect during the pay period and the corresponding numbers of
4 | hours worked at each hourly rate by the employee.  California Labor Code § 226(a) mandates
5 | that deductions made from payments of wages shall be recorded in ink, properly dated and a
6 | copy of the statement or a record of deductions to kept on file by the employer for at least three
7 | years.  Moreover, the Wage Order requires Defendants to maintain time records for each
8 | employee showing, including but not limited to, when the employee begins and ends each work
9 | period, meal periods, and total daily hours worked in itemized wage statements, and must show
10 | all deductions from payment of wages, and accurately report total hours worked by Plaintiff and
11 | the Class Members.

12 |      79.    During the Class Period, Defendants have regularly and consistently, knowingly
13 | and intentionally, failed to provide Plaintiff and the Class Members with complete and accurate
14 | wage statements.  The deficiencies include, among other things, the failure to include the total
15 | number of hours worked by Plaintiff and the Class Members alleged herein, the failure to list all
16 | applicable hourly rates, the failure to include the inclusive dates for the period worked by
17 | Plaintiff and the Class Members alleged herein, and the failure to accurately report the gross and
18 | net earnings of the Plaintiff and the Class Members.

19 |      80.    California Labor Code § 1174 and the Wage Order require Defendants to
20 | maintain and preserve, at the place of employment or at a central location within the state of
21 | California, among other items, accurate records showing the names and addresses of all
22 | employees employed, payroll records accurately showing the hours worked daily and the wages
23 | paid to their employees.  Defendants have knowingly and intentionally failed to comply with
24 | these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

25 |      81.    Labor Code § 226(a) and the Wage Order provide that every employer shall,
26 | semimonthly or at the time of each payment of wages, furnish each of its employees an accurate
27 | itemized statement in writing showing gross wages earned, total hours worked by the employee,
28 | all deductions, net wages earned, the inclusive dates of the period for which the employee is

-20-

*Barbosa v. Kelly Services, Inc., et al.,*        First Amended Class Action Complaint for Damages
Case No. M133109        and Injunctive Relief
EXHIBIT A - 027

1 │ paid, the name of the employee and the employee's social security number (or an employee

2 │ identification number), the name and address of the legal entity that is the employer and all

3 │ applicable hourly rates in effect during the pay period and the corresponding numbers of hours

4 │ worked at each hourly rate by the employee.  Labor Code § 226(a) mandates that deductions

5 │ made from payments of wages shall be recorded in ink, properly dated and a copy of the

6 │ statement or a record of deductions to kept on file by the employer for at least three years.

7 │ Moreover, the Wage Order requires Defendants to maintain time records for each employee

8 │ showing, including but not limited to, when the employee begins and ends each work period, and

9 │ total daily hours worked in itemized wage statements, and must show all deductions from

10 │ payment of wages, and accurately report total hours worked by Plaintiff and the Class Members.

11 │      82.     Throughout the Class Period Defendants have knowingly and intentionally failed

12 │ to provide Plaintiff and the Class Members with complete and accurate wage statements. The

13 │ deficiencies include, among other things, failure to include complete and accurate information on

14 │ the following: (1) gross wages earned; (2) total hours worked by each Plaintiff and Class

15 │ Member; (3) all deductions from Plaintiff's  and the Class Members' wages; (4) Plaintiff's and

16 │ the Class Members' net wages earned; (5) the inclusive dates of the period for which Plaintiff

17 │ and the Class Members were paid; (6) Plaintiff's and the Class Members' names and the last four

18 │ digits of their social security number or an employee identification number other than a social

19 │ security number; (7) the name and address of the legal entity that is the employer; and (8) all

20 │ applicable hourly rates in effect during the pay period and the corresponding number of hours

21 │ worked at each hourly rate by the Plaintiff and the Class Members.

22 │      83.     As a result of Defendants' violation of California Labor Code §§ 226(a), 1174 and

23 │ 1175, as well as the Wage Order, Plaintiff and the Class Members have suffered injury and

24 │ damage to their statutorily-protected rights.  These injuries and damages include, but are not

25 │ limited to, the denial of their legal right to receive and their protected interest in receiving

26 │ accurate, itemized wage statements under California Labor Code § 226(a).  Moreover, the

27 │ inaccurate and incomplete wage statements provided by Defendants deceived Plaintiff and the

28 │ Class Members about the wages and other compensation to which they were entitled and

-21-

*Barbosa v. Kelly Services, Inc., et al.*,       First Amended Class Action Complaint for Damages
Case No. M133109       and Injunctive Relief
**EXHIBIT A - 028**

1   deprived them of such wages and compensation.  As a further result of Defendants' failure to

2   provide Plaintiff and the Class Members with accurate wage statements in accordance with

3   California Labor Code § 226 and to keep accurate time records as required by the Wage Order,

4   Plaintiff and the Class Members have suffered injuries and are entitled to penalties under

5   California Labor Code § 226 and California Labor Code § 226.3 which states that any employer

6   who violates California Labor Code § 226 shall be subject to a civil penalty in the amount of

7   $250.00 per employee per violation in an initial citation.  The civil penalty provided for in this

8   section is in addition to any other penalty provided by law, in an amount to be proven at trial.

9   The injuries suffered by Plaintiff and the Class Members include, but are not limited to, having

10  been, and continuing to be, forced to conduct investigations and perform mathematical

11  computations in an attempt to reconstruct their time records; the inability to reconstruct their

12  time records; the inability to discern the amount of wages they had earned and/or the applicable

13  wage rate; the inability to determine the number of hours they had worked; the inability to

14  determine whether they were paid all wages due for work they performed; the inability to

15  determine the amount of wages owing and unpaid; and having been, and continuing to be, forced

16  to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned information.

17        84.    Plaintiff and the Class Members are entitled to recover from Defendants the

18  greater of their actual damages caused by Defendants' failure to comply with California Labor

19  Code § 226(a), or an aggregate penalty not exceeding $4,000.00 per employee.

20        85.    Pursuant to California Labor Code § 226(e), each employee suffering injury as a

21  result of a knowing and intentional failure by an employer to comply with California Labor Code

22  § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay

23  period in which a violation occurs and $100.00 per employee for each violation in a subsequent

24  pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs

25  and reasonable attorneys' fees.  Moreover, an employee is entitled under the California Labor

26  Code § 226(g) to injunctive relief to ensure compliance with California Labor Code § 226 and is

27  entitled to an award of costs and reasonable attorneys' fees.

28        86.    Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and the Class

-22-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                      and for injunctive relief

EXHIBIT A - 029

1    Members, as well as all aggrieved employees, are entitled to recover civil penalties in the amount

2    of \$100.00 for each aggrieved employee per pa period for the initial violation and \$200.00 for

3    each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys'

4    fees for violations of California Labor Code § 226.

5        87.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

6    prayed for.

7                          **FOURTH CAUSE OF ACTION**
         **Failure to Pay Wages Timely in Violation of Labor Code § 204**
8             **(Plaintiff and the Class Members against all Defendants)**

9        88.    Plaintiff and the Class Members hereby incorporate each of the preceding

10   paragraphs of this Complaint as if fully alleged herein.

11       89.    California Labor Code § 204 provides in relevant part: "All wages, other than

12   those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any

13   employment are due and payable twice during each calendar month, on days designated in

14   advance by the employer as the regular paydays. Labor performed between the 1st and 15th

15   days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the

16   month during which the labor was performed, and labor performed between the 16th and the last

17   day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the

18   following month."

19       90.    During the Class Period, Defendants failed to pay compensation to Plaintiff and

20   the Class Members for all hours they worked, including straight time, meal and rest period

21   premiums, and reporting time compensation in violation of California Labor Code §204.

22       91.    Defendants' violations of California Labor Code § 204 and the Wage Order were

23   repeated, willful and intentional.

24       92.    Plaintiff and the Class Members have been damaged by said violations of

25   California Labor Code § 204 and the Wage Order.

26       93.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

27   prayed for.

28   //

-23-

1

2

3

**FIFTH CAUSE OF ACTION**
**Failure to Pay All Wages Upon Termination - California Labor**
**Code §§ 201, 202, and 203**
**(Plaintiff and the Class Members against all Defendants)**

4

94.     Plaintiff and the Class Members hereby incorporate each of the preceding

5

paragraphs of this Complaint as if fully alleged herein.

6

95.     California Labor Code § 201 provides if an employer discharges an employee, the

7

wages earned and unpaid at the time of discharge are due and payable immediately.

8

96.     California Labor Code § 202 provides that an employee is entitled to receive all

9

unpaid wages no later than 72 hours after an employee quits his or her employment, unless the

10

employee has given 72 hours previous notice of his or her intention to quit, in which case the

11

employee is entitled to his or her wages at the time of quitting.

12

97.     California Labor Code § 203 provides that if an employer willfully fails to pay

13

wages owed in accordance with California Labor Code §§ 201 and 202, then the wages of the

14

employee shall continue as a penalty from the due date, and at the same rate until paid, but the

15

wages shall not continue for more than thirty (30) days.

16

98.     Plaintiff and the Class Members, whose employment with the Defendants ended

17

as set forth elsewhere herein, were entitled to be promptly paid compensation by the Defendants

18

as required by California Labor Code §§ 201 and 202. Plaintiff and the Class Members were not

19

fully paid all wages due to them within the time required by California Labor Code §§ 201 and

20

202. Accordingly, Plaintiff and the Class Members seek the payment of California Labor Code §

21

203 penalties, in an amount according to proof.

22

99.     WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

23

prayed for.

24

**SIXTH CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 512; the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

25

26

100.    Plaintiff and the Class Members allege and incorporate by reference all of the

27

allegations contained in the preceding paragraphs as though fully set forth herein.

28

101.    California Labor Code § 226.7 provides that no employer shall require an

-24-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                    and for Injunctive Relief
                                                    **EXHIBIT A - 031**

1  employee to work during any meal period mandated by an applicable order of the Industrial
2  Welfare Commission. Labor Code § 226.7 further provides that if an employer fails to provide
3  an employee a meal period or rest period in accordance with an applicable order of the Industrial
4  Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the
5  employee's regular rate of compensation for each workday that the meal or rest period is not
6  provided.

7      102.    Throughout the Class Period, the Wage Order and California Labor Code § 512(a)
8  provided that an employer may not require, cause or permit an employee to work for a period of
9  more than five (5) hours per day without providing the employee with an uninterrupted meal
10 period of not less than thirty (30) minutes, except that if the total work period per day of the
11 employee is not more than six (6) hours, the meal period may be waived by mutual consent of
12 both the employer and the employee.

13     103.    During the Class Period, Defendants and/or their authorized supervisors
14 repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage
15 Order by failing to provide Plaintiff and the Class Members with a thirty (30) minute
16 uninterrupted duty-free meal period within five (5) hours of the beginning of their shift, in
17 violation of Labor Code §§ 512, 226.7, and the Wage Order. Defendants also failed to
18 compensate Plaintiff and the Class Members one (1) hour of wages for any of the missed meal
19 periods not provided by Defendants, as alleged above, which failure also violated Labor Code
20 §§512 and 226.7 and the Wage Order.

21     104.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and
22 the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their
23 regular hourly rate of compensation for each meal period violation as alleged herein.

24     105.    Defendants were at all times aware of the Labor Code and Wage Order
25 requirements that they provide Plaintiff and the Class Members with such meal periods and was
26 aware that Plaintiff and the Class Members regularly worked more than five (5) hours without
27 receiving mandated meal periods. Thus, Defendants willfully violated the provisions of Labor
28 Code §§ 226.7 and 512 and the Wage Order.

-25-

106. As a result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been deprived of wages and other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts.

107. WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Labor Code § 226.7; the Wage Order)**
**(Plaintiff and the Class Members against all Defendants)**

108. Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

109. California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission. Labor Code § 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

110. The Wage Order and California Labor Code § 226.7 provides that every employer shall provide and shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period, and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, unless the total daily work time is less than three and one-half hours.

111. Throughout the Class Period, on days in which Plaintiff and the Class Members worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiff and the Class Members to work four (4) hours and/or a major fraction thereof without providing, authorizing or permitting at least one ten (10) minute rest period during which Plaintiff and the Class Members were relieved of all duties (hereafter "rest period") per each four (4) hour period,

1    or a major fraction thereof, worked.

2         112.    During the Class Period, Defendants failed to pay Plaintiff and the Class

3    Members a premium of one (1) hour pay at their regular rate of pay for each rest period not

4    provided, authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

5         113.    Labor Code § 1198 provides that "The maximum hours of work and the standard

6    conditions of labor fixed by the commission shall be the maximum hours of work and the

7    standard conditions of labor for employees. The employment of any employee for longer hours

8    than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

9         114.    Defendants were at all times aware of the Labor Code and Wage Order

10   requirements that they provide Plaintiff and the Class Members with the rest periods described

11   above and were aware that Plaintiff and the Class Members regularly worked more than four (4)

12   hours or major fraction thereof without receiving mandated rest periods.  Defendants therefore at

13   all times willfully violated the provisions of Labor Code § 226.7 and the Wage Order.

14        115.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and

15   the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

16   regular hourly rate of compensation for each workday that a rest period was not provided. As a

17   result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been

18   deprived of wages and compensation in amounts to be determined at trial, and are entitled to

19   recovery of such amounts.

20        116.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

21   for.

**EIGHTH CAUSE OF ACTION**
22
**Violation of California Labor Code § 226 (b), (c), and (f)**
**(Plaintiff against Defendant Kelly Services, Inc., Only)**
23

24        117.    Plaintiff incorporates by reference herein all of the allegations contained in the

25   preceding paragraphs as though fully set forth herein.

26        118.    California Labor Code § 226 (b) states "An employer that is required by this code

27   or any regulation  adopted pursuant to this code to keep the information required by subdivision

28   (a) shall afford  current and former employees the right to inspect or copy records pertaining to

-27-

**EXHIBIT A - 034**

their employment, upon reasonable request to the employer.  The employer may take reasonable steps to ensure the identity of a current or former employee.  If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee."

119.   California Labor Code § 226 (c) states "An employer who receives a written or oral request to insect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days for the date of the request.  A violation of this subdivision is an infraction.  Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision.  An employer may designate the person to whom a request under this subdivision will be made."

120.   California Labor Code § 226 (f) states "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth is subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

121.   In violation of California Labor Code § 226(c) Defendants refused to provide relevant employment records entitling Plaintiff to recover a $750 penalty.  Attached hereto as Exhibit "A" is Plaintiff's request for records pursuant to California Labor Code § 226(c).

122.   Plaintiff was required to retain attorneys to bring this action and is entitled to an award of reasonable attorneys' fees, costs and injunctive relief pursuant to California Labor Code § 226(h).

123.   WHEREFORE, Plaintiff requests relief as hereinafter prayed for.

## NINTH CAUSE OF ACTION
**California Labor Code Private Attorneys General Act of 2004; Labor Code §§ 2698 et seq.
(Plaintiff and all Class Members Against all Defendants)**

124.   Plaintiff and the Class Members incorporate by reference herein all of the allegations contained in the preceding paragraphs as though fully set forth herein

125.   California Labor Code §§ 2698 et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violations of the Labor Code as enumerated in Labor Code § 2699.5

-28-

1      126.    The policies, acts and practices of Defendants heretofore described were and are a

2 violation of the California Labor Code, including but not limited to, the failure and refusal to pay

3 agreed wages, the failure to pay minimum wages, the failure to provide complete and accurate

4 wage statements, the failure to pay wages timely, the failure to pay all wages upon termination,

5 the failure to provide meal and rest periods, the failure to pay compensation for work without

6 meal and rest periods. These violations give rise to statutory penalties as a result of such

7 conduct, but not limited to penalties as provided by Labor Code §§ 203, 204, 210, 218.5, 218.6,

8 225.5, 226(e) and (f), 226.3, 226.7, 558, 1194, 1197.1, 1199, and the Wage Order, 2698 *et seq.,*

9 2699(f) and (g).

10      127.    Labor Code § 558(a) provides "[a]ny employer or other person acting on behalf of

11 an employer who violates, or causes to be violated, a section o this chapter or any provision

12 regulating hours and days of work in any order of the Industrial Welfare Commission shall be

13 subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each

14 underpaid employee for each pay period for which the employee was underpaid in addition to an

15 amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred

16 dollars ($100) for each underpaid employee for each pay period for which the employee was

17 underpaid in addition to an amount sufficient to recover the underpaid wages. (3) Wages

18 recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c)

19 provides "[t]he civil penalties provided for in this section are in addition to any other civil or

20 criminal penalty provided by law."

21      128.    Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties and

22 unpaid wages on behalf of himself and all similarly aggrieved employees, against Defendants, as

23 prescribed by Labor Code § 558 and the Labor Code Private Attorney General Act of 2004 as

24 former employees of Defendants against whom one or more violations of the Labor Code was

25 committed.

26      129.    Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3,

27 2699.5, and 558, Plaintiff, acting in the public interest as a private attorney general, seeks

28 assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved

EXHIBIT A - 036

1   employees and the State of California against Defendants, in addition to other remedies, for

2   violations of California Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 226(a), (b), (c),

3   and (f), 226.7, 512(a), 1174, 1175, 1194, 1197, 1198, and 1199.

4        130.   WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

5   prayed for.

### TENTH CAUSE OF ACTION
**Unfair Business Practices**
6
**(California Business and Professions Code §§ 17200 et seq. and Common Law)**
7   **(Plaintiff and the Class Members against all Defendants)**

8        131.   Plaintiff and the Class Members allege and incorporate by reference all of the

9   allegations contained in the preceding paragraphs as though fully set forth herein.

10       132.   Plaintiff and the Class Members suffered direct injury as a result of the

11  Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of

12  Civil Procedure § 382.  The deprivation by Defendants of Plaintiff and the Class Members of

13  wages due and Defendants' provision of inaccurate wage statements, are unlawful business

14  practices within the meaning of Business and Professions Code §§ 17200 et seq., including but

15  not limited to, violation of the Wage Order, regulations, and statutes, and further, whether or not

16  in violation of the aforementioned Wage Order, regulation and statutes, amount to practices

17  which are otherwise unfair.

18       133.   Under Business and Professions Code §§ 17200 et seq., including but not limited

19  to, §§ 17201, 17203 and 17208, Plaintiff asserts standing on his own behalf and on the behalf of

20  each of the subclasses alleged herein.  Plaintiff and all Class Members seek, among others,

21  restitution of compensation due during the Class Period.

22       134.   During the Class Period, Defendants, and each of them, have committed

23  violations of law, as described herein, including, but not limited to:

24            a.    Violation of Labor Code §§ 1194, 1197 and 1197.1 for Defendants' failure

25  to compensate Plaintiff and the Class Members for all hours worked with at least minimum

26  wages as herein alleged;

27            b.    Violation of the Labor Code and the Wage Order to Defendants' failure to

28  pay reporting time premiums;

-30-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                                    and for Injunctive Relief

**EXHIBIT A - 037**

1          c.       Violations of Labor Code § 226(a) for failure to provide accurate wage

2 statements to Plaintiff and the Class Members as herein alleged;

3          d.       Violation of Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 512(a)1194

4 and 1198 for Defendants' failure to provide Plaintiff and the Class Members agreed wages for all

5 hours they worked;

6          e.       Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all

7 earned wages to Plaintiff and the Class Members upon discharge as herein alleged;

8          f.       Violation of Labor Code § 204 for failure to pay all earned wages owed to

9 Plaintiff and other aggrieved employees during employment as set forth more fully below;

10          g.       Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants'

11 failure to provide Plaintiff and the Class Members with meal and rest periods or compensation in

12 lieu thereof, as herein alleged; and

13          h.       Violation of Labor Code § 1198 and the Wage Order for failure to keep

14 accurate records with respect to each employee.

15      135.     These unlawful and unfair business practices defeat the public interest purposes of

16 the State's labor laws, as set forth in the California Labor Code and the Industrial Wage Order,

17 which promote compliance with labor laws and employment regulations by participants in

18 Defendants' industry.

19      136.     Defendants' unfair and unlawful business practices thus have imposed harm on

20 their employees and their competitors and will continue to do so until abated. As a result of

21 these unfair and unlawful business practices, Defendants have retained monies belonging to

22 Plaintiff and the Class Members and they have been unjustly enriched at Plaintiff's and Class

23 Member's expense. Plaintiff and the Class Members are entitled to restitution of the wages

24 withheld and retained by Defendants during the Class Period and a preliminary and permanent

25 injunction requiring Defendants to pay all outstanding wages due to Plaintiff and the Class

26 Members, and to provide accurate and complete wage statements.

27      137.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class

28 Members have suffered injury and loss of money.

-31-

EXHIBIT A - 038

1    138.    This action will result in the enforcement of an important right affecting the

2  public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair,

3  unlawful and harmful to Plaintiff and the Class Members, the members of each subclass, and the

4  general public.  Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class

5  Members are entitled to an award of reasonable attorneys' fees according to proof.

6    139.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

7  prayed for.

8                                    **PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiff on his own behalf and on behalf of the Class Members prays as

10  follows:

11                                  **DEMAND FOR JURY TRIAL**

12    Plaintiff and Class Members hereby demand trial of their claims by jury to the extent

13  authorized by law.

14                                  **CLASS CERTIFICATION**

15    1.    That this action be certified as a class action and that each subclass identified

16  herein be certified;

17    2.    That Plaintiff be appointed as the representatives of all the Class Members and

18  subclasses;

19    3.    That counsel for Plaintiff be appointed as class counsel.

20                          **AS TO THE FIRST CAUSE OF ACTION**

21    4    That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, 1197, 1198  and the Wage Order by

23  failing to pay all wages earned, failing to pay minimum wage for and failing to timely pay all

24  wages and compensation owed;

25    5.    For all actual, consequential and incidental losses and damages, including but not

26  limited to wages for all unpaid hours worked, in an amount according to proof;

27    6.    For statutory wage penalties in favor of Plaintiff and the Class Members pursuant

28  to California Labor Code § 210;

-32-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109                                        and for Injunctive Relief

**EXHIBIT A - 039**

7.      For prejudgment interest on any unpaid wages from the date such amounts were due;

8.      For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210, 211, 218.5, 558, 1194, 1197.1, 2699(f) and (g); and

9.      For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE SECOND CAUSE OF ACTION

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194, 1197 and 1198, and the Wage Order by willfully failing to pay minimum wages to Plaintiff and the Class Members;

11.     That the Court award unpaid minimum wages and liquidated damages pursuant to Labor Code §1194.2 to the Plaintiff and the Class Members for Defendants willfully failing to pay overtime wages due to Plaintiff and the Class Members;

12.     For all actual, consequential and incidental losses and damages, according to proof;

13.     For prejudgment interest on any unpaid wages for the date such amounts were due;

14.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 218.6, 558, 1194, 1194.2 1197, 1199, 2699(f) and (g); and

15.     For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE THIRD CAUSE OF ACTION

16.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and the Wage Order as to Plaintiff and the Class Members and that Defendants knowingly and intentionally failed to provide accurate itemized wage statements to Plaintiff and the Class Members;

17.     For all actual, consequential and incidental losses and damages, according to proof;

-33-

1       18.    For statutory penalties pursuant to California Labor Code § 226(e);

2       19.    For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

3  California Labor Code § 226(g);

4       20.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5  herein pursuant to California Labor Code §§ 211, 218.5, 226 (e), 226.3, 1194, 2699(f) and (g);

6  and

7       21.    For such other further relief as the Court may deem equitable and appropriate.

8                  **AS TO THE FOURTH AND FIFTH CAUSES OF ACTION**

9       22.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code §§ 201, 201.3, 202, 203, 204 and 1198 and the Wage Order by willfully failing to

11  pay all compensation owed at the time of Plaintiff's and the Class Members' termination of

12  employment and, while Plaintiff and the Class Members were employed by Defendants, willfully

13  failing to timely pay all compensation owed;

14       23.    For statutory wage penalties in favor of Plaintiff and the Class Members, pursuant

15  to California Labor Code §§ 203, 204, and 210;

16       24.    For prejudgment interest on any unpaid wages from the date such amounts were

17  due;

18       25.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

19  herein pursuant to California Labor Code §§ 203, 204, 210, 211, 218.5, 218.6,1194, 2699(f) and

20  (g); and

21       26.    For such other further relief as the Court may deem equitable and appropriate.

22                     **AS TO THE SIXTH CAUSE OF ACTION**

23       27.    That the Court declare, adjudge and decree that Defendants violated California

24  Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal

25  periods to Plaintiff and the Class Members;

26       28.    That the Court grant an award to Plaintiff and the Class Members of one (1) hour

27  of pay at each employee's regular rate of compensation for each workday that a meal period was

28  not provided;

-34-

*Barbosa v. Kelly Services, Inc., et al.,*          First Amended Class Action Complaint for Damages
Case No. M133109          and Injunctive Relief
**EXHIBIT A - 04**

29. For all actual, consequential and incidental losses and damages, according to proof;

30. For premiums pursuant to California Labor Code § 226.7(b);

31. For prejudgment interest on any unpaid wages from the date such amounts were due;

32. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210, 211, 2699(f) and (g); and

33. For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE SEVENTH CAUSE OF ACTION

34. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and the Class Members;

35. That the Court grant an award to the Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

36. For all actual, consequential and incidental losses and damages, according to proof;

37. For premiums pursuant to California Labor Code § 226.7(b);

38. For prejudgment interest on any unpaid wages from the date such amounts were due;

39. For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210, 211, 2699(f) and (g) ; and

40. For such other further relief as the Court may deem equitable and appropriate.

## AS TO THE EIGHTH CAUSE OF ACTION

41. That the Court declare, adjudge and decree that Defendants violated California Labor Code § 226 (b), (c), and (f) by willfully failing to provide inspection or copies of records, to Plaintiff;

42. For penalties pursuant to California Labor Code § 226(f);

-35-

*Barbosa v. Kelly Services, Inc., et al.,*   First Amended Class Action Complaint for Damages
Case No. M133109                              and for Injunctive Relief

EXHIBIT A - 042

1  43.    For all actual, consequential and incidental losses and damages, according to

2  proof;

3  44.    For injunctive relief pursuant to California Labor Code § 226(h);

4  45.    For all reasonable attorneys' fees and costs of suit incurred herein pursuant to

5  California Labor Code § 226(f); and

6  46.    For such other further relief as the Court may deem equitable and appropriate.

7  ## AS TO THE NINTH CAUSE OF ACTION

8  47.    That the Court declare, adjudge and decree that Defendants violated the California

9  Labor Code Private Attorneys General Act of 2004; Labor Code §§ 2698 *et seq.* by Defendants

10  violation of California Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 226(a), (b), (c),

11  and (f), 226.7, 512(a), 1174, 1175, 1194, 1197, 1198, and 1199.

12  48.    For all actual, consequential and incidental losses and damages, according to

13  proof;

14  49.    For statutory penalties pursuant to California Labor Code § 2699(f);

15  50.    For prejudgment interest on any unpaid wages from the date such amounts were

16  due;

17  51.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

18  herein pursuant to California Labor Code §§ 203, 204, 210, 218.5, 218.6, 225.5, 226(e) and (f),

19  226.3, 226.7, 558, 1194, 1197.1, 1199, and the Wage Order, 2698 *et seq.*, 2699(f) and (g); and

20  52.    For such other further relief as the Court may deem equitable and appropriate.

21  ## AS TO THE TENTH CAUSE OF ACTION

22  53.    That the Court declare, adjudge and decree that Defendants violated Business and

23  Professions Code §§ 17200 et seq., as a consequence of their failure to pay agreed wages and

24  compensation for work, failure to pay least minimum wage, failure to provide accurate wage

25  statements, failure to pay for all missed meal and rest period, failure to timely pay wages to

26  employees, failure to timely pay wages to employees upon resignation or termination, failure to

27  pay all wages earned, and failure to pay reporting time premiums;

28  54.    For restitution of unpaid wages to Plaintiff and the Class Members, and for

-36-

1    prejudgment interest from the day such amounts were due and payable;

2          55.      For the appointment of a Receiver to receive, manage and distribute any and all

3    funds disgorged from Defendants and determined to have been wrongfully acquired by

4    Defendants as a result of violation of Business and Professions Code §§ 17200 et seq.;

5          56.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

6    of Civil Procedure § 1021.5;

7          57.      For injunctive relief to ensure compliance with this section, pursuant to Business

8    and Professions Code §§ 17200 et seq.; and

9          58.      For such other and further relief as the Court may deem equitable and appropriate.

10   Date: October 15, 2015                    FITZPATRICK, SPINI & SWANSTON

11

12                                             By: _____

13                                             B. James Fitzpatrick, Esq.
                                               Attorneys for Plaintiff,
14                                             HERNANDO BARBOSA on behalf of himself and
                                               all other similarly situated employees

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-37-

*Barbosa v. Kelly Services, Inc., et al.,*            First Amended Class Action Complaint for Damages
Case No. M133109                                     and for Injunctive Relief

**EXHIBIT A - 044**

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*AVISO AL DEMANDADO):*
KELLY SERVICES, INC., a California Corporation, LASER DEVICES, INC., a California Corporation, and DOES 1 to 100, inclusive,

# FILED

AUG 2 6 2015

**TERESA A. RISI**
CLERK OF THE SUPERIOR COURT
_____DEPUTY

Carol Melber

**YOU ARE BEING SUED BY PLAINTIFF:**
*LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HERNANDO BARBOSA, on behalf of himself and all other similarly situated employees,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*El nombre y dirección de la corte es):*
MONTEREY COUNTY SUPERIOR COURT
200 Aguajito Road
Monterey, CA 93940

CASE NUMBER: *(Número del Caso):*
**M133109**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Fitzpatrick, Esq.           FITZPATRICK, SPINI & SWANSTON
55 South Main Street              (831) 755-1311
Salinas, CA 93901

DATE:        AUG 2 6 2015     TERESA A. RISI    Clerk, by    Carol Melber    , Deputy
*(Fecha)*                                        *(Secretario)*                *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Barbosa, Hernando

**EXHIBIT B - 045**

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — B. James Fitzpatrick, Esq.                                    129056<br>FITZPATRICK, SPINI & SWANSTON<br>555 South Main Street<br>Salinas, CA 93901<br>TELEPHONE NO.: (831) 755-1311        FAX NO.*(Optional):* (831)755-1319<br>E-MAIL ADDRESS *(Optional):*  bjfitzpatrick@fandslegal.com<br>ATTORNEY FOR *(Name):*  Plaintiff HERNANDO BARBOSA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   MONTEREY
   STREET ADDRESS: 1200 Aguajito Road
   MAILING ADDRESS: 1200 Aguajito Road
   CITY AND ZIP CODE: Monterey, CA 93940
   BRANCH NAME: Monterey Branch

PLAINTIFF/PETITIONER: HERNANDO BARBOSA, on behalf of himself
                 and other similarly situated employees,
DEFENDANT/RESPONDENT:KELLY SERVICES, INC., a California Corp.,
               LASER DEVICES, INC., A California Corp., et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>M133109 |
|---|---|

TO *(insert name of party being served):* KELLY SERVICES, INC.,

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: November 3, 2015

B. James Fitzpatrick, Esq.
     (TYPE OR PRINT NAME)       ▶     (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
    Notice of Case Management Conference

*(To be completed by recipient):*
Date this form is signed: 11/23/15

Nancy Gausewitz Berner, Esq./ PAUL, PLEVIN, et al.,        ▶
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ON WHOSE BEHALF THIS FORM IS SIGNED)      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Barbosa, Hernando

**EXHIBIT C - 046**

# EXHIBIT D

1  B. James Fitzpatrick, Esq. (SBN: 129056)
   FITZPATRICK, SPINI & SWANSTON
2  555 S. Main Street
   Salinas, CA 93901
3  Telephone: (831) 755-1311
   Facsimile: (831) 755-1319
4
   Attorneys for Plaintiff,
5  HERNANDO BARBOSA on behalf of himself
   and all other similarly situated employees
6
7              **SUPERIOR COURT OF CALIFORNIA**

8                **COUNTY OF MONTEREY**

9
   HERNANDO BARBOSA on behalf of          Case No. M133109
10 Himself and all other similarly situated
   employees,
11                                        **NOTICE OF CASE**
                Plaintiff,                **MANAGEMENT CONFERENCE**
12
   v.
13
                                          Date: 12/22/15
14 KELLY SERVICES, INC., a California      Time: 9:00 a.m.
   Corporation, LASER DEVICES, INC., a    Dept: 14
15 California Corporation, and DOES 1 to 100,
   inclusive,
16
                Defendants.
17

18   TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE that on December 22, 2015 at 9:00 a.m., in Department 14 of

20 the above entitled Court, located at 1200 Aguajito Road, Monterey, California, the Court will

21 conduct a Case Management Conference.  Case Management Statements are due 15

22 days prior to the conference.

23 Date: November ___, 2015              FITZPATRICK, SPINI & SWANSTON

24

25                                       By: _____
26                                          B. James Fitzpatrick, Esq.
                                            Attorneys for Plaintiff,
27                                          HERNANDO BARBOSA on behalf of himself and
                                            all other similarly situated employees
28

                                         -1-

# EXHIBIT E

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

E. Joseph Connaughton (SBN 166765)
Aaron A. Buckley (SBN 202081); Nancy G. Berner (SBN 227142)
PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
101 West Broadway, 9th Floor
San Diego, CA  92101-8285
TELEPHONE NO: (619) 237-5200    FAX NO. *(Optional)*: (619) 615-0700
E-MAIL ADDRESS *(Optional)*: abuckley@paulplevin.com
ATTORNEY FOR *(Name)*: Defendant KELLY SERVICES, INC.

**FILED**

DEC 07 2015

TERESA A. RISI
CLERK OF THE SUPERIOR COURT
J. NICHOLSON DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA  92940
BRANCH NAME:

PLAINTIFF/PETITIONER:HERNANDO BARBOSA on behalf of himself
and all other similarly situated employees
DEFENDANT/RESPONDENT:KELLY SERVICES, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE          [ ] LIMITED CASE<br>(Amount demanded          (Amount demanded is $25,000<br>exceeds $25,000)          or less) | M133109 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: December 22, 2015    Time: 9:00 a.m.    Dept.: 14    Div.:    Room:

Address of court *(if different from the address above)*:

[X] Notice of Intent to Appear by Telephone, by *(name)*: Aaron A. Buckley

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Defendant Kelly Services, Inc.
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X] complaint      [ ] cross-complaint    *(Describe, including causes of action)*:
      Failure to: pay agreed wages, pay minimum wage, comply with itemized employee wage statement provisions, pay wages timely, pay wages upon termination, and provide meal or rest periods or compensation in lieu thereof.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
& Plus

Cal. Rules of Court,
rules 3.720-3.730

FILED BY FACSIMILE

EXHIBIT E - 048

CM-110

| PLAINTIFF/PETITIONER: HERNANDO BARBOSA on behalf of himself and all other similarly situated employees<br>DEFENDANT/RESPONDENT: KELLY SERVICES, INC. | CASE NUMBER:<br>M133109 |
|---|---|

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Kelly Services is a staffing agency. Kelly Services hired Barbosa and assigned him to Laser Devices, Inc. Barbosa alleges on behalf of himself and a putative class that the requirement to don and doff work clothing before and after shifts and meal breaks resulted in denial of wages and penalties for failing to provide 30 minute meal breaks. Kelly Services denies all claims.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

   The party or parties request ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial.)*

6.  **Trial date**
   a.  ☐ The trial has been set for *(date)*:
   b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*: Case will not be ready for trial because it is a class action case requiring adjudication of class certification prior to trial.
   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*: Trials: February 1-5, 2015; April 1-8, 2015; May 6-20, 2015p; July 29-August 15, 2015, and September 6-16, 2015. Vacations: February 8-22, 2015 and April 6, 2015.

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one)*:
   a.  ☒ days *(specify number)*: 8 days
   b.  ☐ hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  E-mail address:
   f.  Fax number:
   g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**

   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

EXHIBIT E - 049

CM-110

| PLAINTIFF/PETITIONER: HERNANDO BARBOSA on behalf of himself and all other similarly situated employees DEFENDANT/RESPONDENT: KELLY SERVICES, INC. | CASE NUMBER: M133109 |
|---|---|

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for (date): <br> ☐ Agreed to complete mediation by (date): <br> ☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for (date): <br> ☐ Agreed to complete settlement conference by (date): <br> ☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for (date): <br> ☐ Agreed to complete neutral evaluation by (date): <br> ☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for (date): <br> ☐ Agreed to complete judicial arbitration by (date): <br> ☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for (date): <br> ☐ Agreed to complete private arbitration by (date): <br> ☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for (date): <br> ☐ Agreed to complete ADR session by (date): <br> ☐ ADR completed on (date): |

**EXHIBIT E - 050**

CM-110

| PLAINTIFF/PETITIONER: HERNANDO BARBOSA on behalf of himself and all other similarly situated employees<br>DEFENDANT/RESPONDENT: KELLY SERVICES, INC. | CASE NUMBER:<br>M133109 |
|---|---|

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☒ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Motion for summary judgment that Barbosa lacks facts to support his claims.

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written discovery | March 2016 |
| Defendant | Plaintiff's deposition | May 2016 |
| Defendant | Third-party depositions | Summer of 2016 |
| Defendant | Expert witness depositions | Fall of 2016 |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

EXHIBIT E - 051

**CM-110**

| PLAINTIFF/PETITIONER: HERNANDO BARBOSA on behalf of himself and all other similarly situated employees<br>DEFENDANT/RESPONDENT: KELLY SERVICES, INC. | CASE NUMBER:<br>M133109 |
| --- | --- |

**17. Economic litigation**

- a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

- b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

- a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

- b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 4, 2015

Nancy G. Berner
_____
(TYPE OR PRINT NAME)

▶ *Nancy G. Berner*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT E - 052**

1  *Barbosa v. Kelly Services*
   Monterey County Superior Court Case No. M133109

2

**PROOF OF SERVICE**

3

4      I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
       to this action. I am employed, or am a resident of, the County of San Diego, California, and my
       business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth
5      Floor, San Diego, California 92101-8285.

6      On December 4, 2015, I caused to be served the following document(s):

7      •      **DEFENDANT KELLY SERVICES, INC.'S CASE MANAGEMENT
              STATEMENT FOR DECEMBER 22, 2015**

8

9  on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

10     B. James Fitzpatrick, Esq.
       FITZPATRICK, SPINI & SWANSTON
11     555 S. Main Street
       Salinas, CA 93901
12     Telephone: (831) 755-1311
       Facsimile: (831) 755-1319

13
       Attorneys for Plaintiff HERNANDO BARBOSA on behalf of
14     himself and all other similarly situated employees

15  ☑      (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
           prepaid postage, I placed each for deposit with United States Postal Service, this same
16         day, at my business address shown above, following ordinary business practices.

17  ☑      (State) I declare under penalty of perjury under the laws of the State of California that the
           foregoing is true and correct.

18  ☐      (Federal) I declare that I am employed by the office of a member of the bar of this court
           at whose direction the service was made.
19

Executed December 4, 2015, at San Diego, California.

20

21                              _Wendy Roan_
                                _____
22                                      Wendy Roan

23

24

25

26

27

28

PROOF OF SERVICE                    1

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>B. James Fitzpatrick, Esq.          SBN: 129056<br>FITZPATRICK, SPINI & SWANSTON<br>555 South Main Street<br>Salinas, CA 93901<br>TELEPHONE NO.: (831) 755-1311      FAX NO.*(Optional)*: (831)755-1319<br>E-MAIL ADDRESS *(Optional)*: bjfitzpatrick@fandslegal.com<br>ATTORNEY FOR *(Name)*: Plaintiff Hernando Barbosa | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Monterey
STREET ADDRESS:   1200 Aguajito Road
MAILING ADDRESS:   1200 Aguajito Road
CITY AND ZIP CODE:   Monterey, CA 93940
BRANCH NAME:   Monterey Branch

PLAINTIFF/PETITIONER:   Hernando Barbosa

DEFENDANT/RESPONDENT:   Kelly Services, Inc., a California Corporation, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] UNLIMITED CASE        [ ] LIMITED CASE<br>                    (Amount demanded           (Amount demanded is $25,000<br>                    exceeds $25,000)           or less) | M133109 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:  December 22, 2015      Time:  9:00 a.m.      Dept.:  14      Div.:          Room:
Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one):*
    a.  [X] This statement is submitted by party *(name):*   Plaintiff Hernando Barbosa
    b.  [ ] This statement is submitted **jointly** by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*   August 26, 2015
    b.  [ ] The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  [X] The following parties named in the complaint or cross-complaint
        (1)  [ ] have not been served *(specify names and explain why not):*

        (2)  [X] have been served but have not appeared and have not been dismissed *(specify names):*
                Laser Devices, Inc., a California Corporation (see attachment 1)
        (3)  [ ] have had a default entered against them *(specify names):*

    c.  [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in   [X] complaint      [ ] cross-complaint      *(Describe, including causes of action):*
        See attachment 1.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courts.ca.gov |

Martin Dean's
ESSENTIAL FORMS™

Barbosa, Hernando
**EXHIBIT E - 054**

CM-110

| PLAINTIFF/PETITIONER: Hernando Barbosa | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kelly Services, Inc., a California Corporation, et al. | M133109 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
See attachment 1.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request  ☒ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*  Plaintiff Hernando Barbosa

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Extensive discovery is required as this is a class action.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Counsel for Plaintiff has no available dates prior to July 1, 2016 due to previously scheduled mediations, hearings, depositions, and trial court matters.

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒ days *(specify number):* 7-14 days
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                  f.   Fax number:
e.   E-mail address:                                      g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel   ☒ has   ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Barbosa, Hernando
**EXHIBIT E - 055**

CM-110

| PLAINTIFF/PETITIONER: Hernando Barbosa | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kelly Services, Inc., a California Corporation, et al. | M133109 |

10.  c.    Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

Martin Dean's
ESSENTIAL FORMS™

Barbosa, Hernando
**EXHIBIT E - 056**

CM-110

| PLAINTIFF/PETITIONER: Hernando Barbosa | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kelly Services, Inc., a California Corporation, et al. | M133109 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify)*:
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party)*:

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Plaintiff intends to file a motion for class certification.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery (Interrogatories, Request for Admissions, and Request for Production of Documents) | Spring 2016 |
| Plaintiff | Party Depositions | Spring 2016 |
| Plaintiff | Third Party Depositions | Spring 2016 |
| Plaintiff | Expert Witness Depositions | Fall 2016 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

Martin Dean's ESSENTIAL FORMS™

Barbosa, Hernando
**EXHIBIT E - 057**

CM-110

| PLAINTIFF/PETITIONER: Hernando Barbosa | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kelly Services, Inc., a California Corporation, et al. | M133109 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  1
I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  December 9, 2015

B. James Fitzpatrick
_____          ► _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Martin Dean's
ESSENTIAL FORMS™

**EXHIBIT E - 058**

MC-025

| SHORT TITLE: Barbosa v. Kelly Services, Inc., a California Corporation, et al. | CASE NUMBER: M133109 |
|---|---|

### ATTACHMENT (Number): 1
*(This Attachment may be used with any Judicial Council form.)*

3.b.: Plaintiff's counsel has engaged in multiple discussions with counsel for Laser Devices, Inc. Plaintiff's allegations as to the onsite wage and hour violations concern whether or not Plaintiff was required to report to work on a daily basis 15 minutes before his scheduled shift without compensation. Also, there may be an issue as to whether or not Plaintiff was required to don and doff during his rest and meal periods. Plaintiff's counsel believes that any unpaid time claim associated with reporting to work early is individual to the named Plaintiff. Counsel continue to informally provide information regarding the donning and doffing claim and associated residual penalty claim.

Plaintiff's counsel's intention is to advise the court one way or the other at the Case Management Conference what claims, if any, Plaintiff intends to pursue against Laser Devices, Inc. If Plaintiff's counsel intends to dismiss class claims against that entity, Plaintiff will request that the Court dismiss those claims pursuant to California Rule of Court 3.770 ex parte at the Case Management Conference.

4.a.: Plaintiff filed a class action complaint against Defendants alleging various wage and hour violations and derivative damages. Plaintiff's complaint alleges the following cause of action:

1. Failure and Refusal to Pay Agreed Wages;
2. Failure to Pay Minimum Wages;
3. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;
4. Failure to Pay Wages Timely;
5. Failure to Pay All Wages Upon Termination;
6. Failure to Provide Meal Periods or Compensation in Lieu Thereof;
7. Failure to Provide Rest Periods or Compensation in Lieu Thereof;
8. Failure to Provide Employee Records;
9. California Labor Code Private Attorneys General Act of 2004:
10. Unfair Business Practices.

4.b.: Plaintiff worked for Defendant Kelly Services, Inc., a California Corporation ("Kelly") as a temporary service employee and was assigned to work for Defendant Laser Devices, Inc., ("Laser") at Laser's Monterey, California facility. As a temporary service employee, Plaintiff and other similarly situated employees as part of the onboarding process were subjected to numerous wage and hour violations, which included, but were not limited to, requiring temporary service employees to undergo mandatory drug testing, participate in an unpaid mandatory safety training and orientation (as part of the Kelly's obligation to comply with Labor Code § 6401.7). Also, Kelly's wage statement is non-complaint entitling Plaintiff to damages pursuant to Labor Code §§ 226(a) and 2699. Damages are currently unknown but it is estimated that class wide damages will exceed $50,000.00.

Also, by way of an ex parte application, Plaintiff's counsel asked that the Court amend the pleadings to add Leonel Tejeda as an additional class representative. Plaintiff's counsel would like to withdraw the ex parte application because Leonel Tejeda mistakenly believed that he worked for Kelly when in fact he was employed by another temporary service employer. Within the next 60 days Plaintiff's counsel will ask the Court to add another class representative to protect the interest of the class.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 6 of 6
*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

Barbosa, Hernando

**EXHIBIT E - 059**

1

## PROOF OF SERVICE

2     I am employed in the County of Monterey, State of California. I am over the age of 18 and
not a party to the within action; my business address is FITZPATRICK, SPINI & SWANSTON,
3     555 S. Main Street, Salinas, California 93901.

4     On December 9, 2015 I served the foregoing document(s), described as

5     **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

6     on the interested parties in this action by placing a true copy thereof enclosed in a parcel and
7     addressed as indicated below and by the following means:

8     Nancy G. Berner, Esq.
      Aaron A. Buckley, Esq.
9     PAUL, PLEVIN, SULLIVAN &
      CONNAUGHTON, LLP
10    101 West Broadway, Ninth Floor
11    San Diego, CA 92101-8285
      Tel: 619-237-5200
12    Fax: 619-615-0700
      Direct: 619-243-1572
13    Email: nberner@paulplevin.com
14    *Counsel for Kelly Services, Inc.*

15

16    XX_____          **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed
                           to the person(s) listed above and placed the envelope/package for collection and
17                         mailing, following our ordinary business practices. I am readily familiar with the
                           firm's practice for collecting and processing correspondence for mailing. On the
18                         same day that correspondence is placed for collection and mailing, it is deposited
                           in the ordinary course of business with the United States Postal Service, in a
19                         sealed envelope with postage fully prepaid.

20    _____            **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or
                           package and addressed to the person(s) listed above. I placed the envelope or
21                         package for collection and overnight delivery at an office or a regularly utilized
                           drop box of the overnight delivery carrier.

22    _____            **(BY PERSONAL SERVICE)** I caused such document(s) to be delivered
23                         by hand to the office(s) of the addressee(s) during business hours.

24    _____            **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** By court order or by
                           agreement of the parties to accept service by e-mail or electronic transmission, I
25                         caused the document(s) to be sent to the person(s) at the e-mail address(es) listed
                           above. I did not receive within a reasonable time after the transmission, any
26                         electronic message or other indication that the transmission was unsuccessful.
                           (CCP § 1010.6)

27    I declare under penalty of perjury under the laws of the State of California that the foregoing is
28    true and correct, and that this declaration was executed on December 9, 2015 at Salinas, California.

_____
Josefina J. Favila

**EXHIBIT E - 060**

# EXHIBIT F

1   E. JOSEPH CONNAUGHTON (SBN 166765)
    jconnaughton@paulplevin.com
2   AARON A. BUCKLEY (SBN 202081)
    abuckley@paulplevin.com
3   NANCY GAUSEWITZ BERNER (SBN 227142)
    nberner@paulplevin.com
4   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
    101 West Broadway, Ninth Floor
5   San Diego, California 92101-8285
    Telephone: 619-237-5200
6   Facsimile: 619-615-0700

7   Attorneys for Defendant
    KELLY SERVICES, INC.
8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF MONTEREY**

11

12  HERNANDO BARBOSA on behalf of          Case No. M133109
    Himself and all other similarly situated
    employees,                             **DEFENDANT KELLY SERVICES, INC.'S**
13                                         **ANSWER TO THE FIRST AMENDED**
                                           **COMPLAINT**
14          Plaintiff,

15      v.                                 Action Filed:    August 26, 2015
                                           Trial Date:      Not set
16  KELLY SERVICES, INC., a California
    Corporation, LASER DEVICES, INC., a
17  California corporation; and DOES 1 to 100,
    inclusive,

18          Defendant.

19

20      Defendant Kelly Services, Inc. (hereinafter "Defendant") answers plaintiff's first amended

21  complaint ("complaint") as follows:

22                              **GENERAL DENIAL**

23      Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant

24  denies each and all of the allegations of the complaint in every purported cause of action alleged

25  therein and denies that plaintiff has suffered damages in the sum or sums alleged or any other sum.

26  / / /

27  / / /

28  / / /

1                **AFFIRMATIVE DEFENSES**

2                **FIRST AFFIRMATIVE DEFENSE**

3              (Failure to State Causes of Action)

4       The complaint and each and every purported cause of action thereof fails to state facts

5 sufficient to constitute any cause of action against Defendant.

6              **SECOND AFFIRMATIVE DEFENSE**

7                (Statute of Limitations)

8       All of plaintiff's causes of action are barred by the applicable statutes of limitations,

9 including, without limitation, California Code of Civil Procedure sections 335.1, 337, 338, 339,

10 340, and 343; California Labor Code section 203; and California Business and Professions Code

11 section 17208.

12              **THIRD AFFIRMATIVE DEFENSE**

13         (Failure to Comply with Statutory Requirements)

14       Plaintiff's claims for civil, regulatory and/or statutory penalties are barred because plaintiff

15 did not comply with all the statutory requirements for bringing such claims, as plaintiff did not

16 provide sufficient written notice by certified mail to the Labor and Workforce Development

17 Agency and/or Defendant describing the facts and theories to support the alleged violations as

18 required. *See* Cal. Lab. Code §§ 2698, *et seq.*

19              **FOURTH AFFIRMATIVE DEFENSE**

20             (Additional Affirmative Defenses)

21       Defendant currently has insufficient information available upon which to form a belief as

22 to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves

23 the right to assert additional affirmative defenses in the event discovery indicates they would be

24 appropriate.

25       WHEREFORE, Defendant prays as follows:

26       1.      That plaintiff's complaint and all claims and causes of action therein be dismissed

27 with prejudice;

28       2.      That plaintiff take nothing by this action;

1        3.     That judgment be entered against plaintiff and in favor of Defendant;

2        4.     That Defendant be awarded its costs incurred in this action, including reasonable

3 attorneys' fees; and

4        5.     That this Court grant Defendant such other and further legal or equitable relief as

5 the court deems just and proper.

Dated: December 22, 2015       PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____
       E. JOSEPH CONNAUGHTON
       AARON A. BUCKLEY
       NANCY GAUSEWITZ BERNER
       Attorneys for Defendant KELLY SERVICES, INC.

1    *Barbosa v. Kelly Services*
     Monterey County Superior Court Case No. M133109

2

3                             **PROOF OF SERVICE**

       I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
4  to this action. I am employed, or am a resident of, the County of San Diego, California, and my
     business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth
5  Floor, San Diego, California 92101-8285.

6         On December 22, 2015, I caused to be served the following document(s):

7       •     **DEFENDANT KELLY SERVICES, INC.'S ANSWER TO THE FIRST
              AMENDED COMPLAINT**

8

9  on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

10      B. James Fitzpatrick, Esq.
       FITZPATRICK, SPINI & SWANSTON
11      555 S. Main Street
       Salinas, CA 93901
12      Telephone: (831) 755-1311
       Facsimile: (831) 755-1319
13
     Attorneys for Plaintiff HERNANDO BARBOSA on behalf of
14     himself and all other similarly situated employees

15 ☑    (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
          prepaid postage, I placed each for deposit with United States Postal Service, this same
16        day, at my business address shown above, following ordinary business practices.

17 ☑    (State) I declare under penalty of perjury under the laws of the State of California that the
          foregoing is true and correct.
18
   ☐    (Federal) I declare that I am employed by the office of a member of the bar of this court
19        at whose direction the service was made.

   Executed December 22, 2015, at San Diego, California.
20

21

22                                  *Wendy Roan*
                                 Wendy Roan

23

24

25

26

27

28

PROOF OF SERVICE                1

EXHIBIT F - 064

*Hernando Barbosa v. Kelly Services*
United States District Court, Northern District of California, San Jose Division
Case No.

### PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action.  I am employed, or am a resident of, the County of San Diego, California, and my business address is:  Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On December 23, 2015, I caused to be served the following document(s):

- **NOTICE OF REMOVAL**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

B. James Fitzpatrick
FITZPATRICK, SPINI & SWANSTON
555 S. Main Street
Salinas, CA  93901
Telephone:  (831) 755-1311
Facsimile:  (831) 755-1319

Attorneys for Plaintiff HERNANDO BARBOSA on behalf of himself and all other similarly situated employees

☑  (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☑  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  (Federal) I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed December 23, 2015, at San Diego, California.

Wendy Roan

PAUL PLEVIN
SULLIVAN &
CONNAUGHTON LLP